UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.:  2:19-CR-115-TLS |
| | ) | |
| JERRY FRANCIS | ) | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION**

This matter is before the Court on the Findings and Recommendation of the United States Magistrate Judge [ECF No. 79], filed on April 23, 2020. The Defendant has waived objection to the Findings and Recommendation.

The Court finds that the change of plea conducted by video teleconference complies with Section 15002(b)(2)(A) of the CARES Act. First, General Order 2020-08 authorized video conferencing for felony pleas under Federal Rule of Criminal Procedure 11, finding that such hearings cannot be conducted in person without seriously jeopardizing public health and safety as a result of the current COVID-19 pandemic.

Second, the Court finds that the Defendant's felony plea in this case cannot be delayed without serious harm to the interests of justice due to Defendant's desire to admit his guilt, plead guilty, and proceed to sentencing in a timely manner and the government and public interest in timely processing criminal matters. The Defendant was arrested on November 14, 2019, and he has been detained awaiting trial since that date. ECF Nos. 45, 49. The plea agreement was filed on April 2, 2020. ECF No. 71.

Finally, the Defendant consented to video teleconferencing after consultation with counsel. *See* CARES ACT § 15002(b)(4). At a telephonic status conference on April 8, 2020, counsel requested time to consult with the Defendant regarding the availability of video

teleconferencing for the plea hearing, and, on April 15, 2020, the parties notified the Court of the Defendant's consent to proceed by video teleconferencing. At the plea hearing on April 22, 2020, the Magistrate Judge advised the Defendant as to the CARES Act and the General Orders issued by the Northern District of Indiana addressing the national health crisis (COVID-19) and also advised the Defendant of his right to appear in person. ECF No. 76. After consultation with counsel, Defendant orally consented to the video hearing and waived his right to appear in person; he also executed a signed consent. *See* ECF Nos. 76, 77.

The Court being duly advised, ADOPTS the Findings and Recommendation [ECF No. 79] in its entirety and ACCEPTS the recommended disposition. Subject to this Court's consideration of the Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c), if applicable and necessary, the plea of guilty to the offense charged in Count 5 of the Indictment is hereby ACCEPTED, and the Defendant is adjudged GUILTY of the offense.

The Sentencing Scheduling Order scheduling sentencing-related deadlines and hearings will be issued by separate order.

SO ORDERED on May 15, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT